IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br>BARON LOMBARDO, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON OBJECTION TO REQUIRED PAYMENT OF ATTORNEY'S FEES<br><br><br><br>Case No. 2:07-CR-286 TS |

Before the Court is the Objection to Magistrate's Order Assessing Attorney Fees[1] of Defendants Kimberlie Lombardo and Francisco Lombardo.  In a hearing held on June 13, 2007, Magistrate Judge Warner ordered that Francisco and Kimberlie Lombardo, who are husband and wife, each pay $1,000 per month throughout the duration of this case toward the cost of their defense by appointed counsel under the Criminal Justice Act.[2]  On July 20, 2007, Francisco Lombardo, joined by Kimberlie Lombardo, filed a motion asking the Court to suspend these payments due to their inability to afford them.  In an Order dated July 31, 2007, Magistrate Judge Warner denied this motion, finding that the Lombardos "continue to live a lifestyle that is inconsistent with both the

---

[1]Docket No. 56.

[2]Docket No. 33.

spirit and letter of the CJA" and noting their "extravagant and exorbitant monthly expenses."[3]  On August 6, 2007, Kimberlie Lombardo filed the present objection to the June 13 Order,[4] in which Francisco Lombardo has subsequently joined.[5]

A disappointed party may object to a magistrate judge's order within 10 days of being served with a copy thereof.[6]  However, after this 10-day period "a party may not . . . assign as error a defect in the magistrate judge's order."[7]

The Lombardos' objection to the June 13 Order was filed on August 6, 2007, well after the 10-day deadline.  Thus, the objection must be overruled as untimely.  However, as determinations regarding the appointment of counsel may be revisited by the Court "at any stage of the proceedings,"[8] the Court is willing to entertain the Lombardos' request to "review [their] financial status."[9]  Accordingly, on August 8, 2007, the Court ordered Kimberlie Lombardo to "file a brief on the issue, including a detailed financial affidavit, by August 20, 2007."[10]  Although she submitted a timely memorandum, instead of attaching a "detailed financial affidavit," she attached only the Lombardos' bank statements from June of 2007.[11]  She does note some intention to provide

---

[3]Docket No. 53.

[4]Docket No. 56.

[5]Docket No. 61.

[6]Fed. R. Civ. P. 72(a); DUCrimR 57-16(a)(2); DUCivR 74-1(a)(1).

[7]Fed. R. Civ. P. 72(a).

[8]18 U.S.C. § 3006A(d).

[9]Docket No. 56.

[10]Docket No. 59.

[11]Docket No. 65.

additional materials, including a "monthly list of bills." However, the Court has received nothing further.

Pursuant to 18 U.S.C. § 3006A(f), "Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid . . . to the court for deposit in the Treasury as a reimbursement to the appropriation . . . ."  In order to require payment by a defendant under § 3006A(f), a court must make an evidentiary finding that the defendant has funds "available" to make such payment, considering factors such as support obligations and hardship.[12]

Kimberlie Lombardo's memorandum asserts that she does not have the funds or the income to make the $1,000 monthly payment ordered by Magistrate Judge Warner.  It further states that she no longer receives the financial assistance previously provided by her family members, several of whom are co-defendants in this case.  According to the memorandum, four of her five children, several of whom are now adults, still live at home, and are supported largely by her husband's monthly social security check in the amount of $2,300.  The memorandum specifically points out that she no longer makes the car payments of which Magistrate Judge Warner was apparently concerned.

However, these statements, found in the memorandum submitted by Kimberlie Lombardo's counsel, are not evidence and do not adequately substitute for the "detailed financial affidavit" requested by the Court.  The June 2007 bank statements attached to her memorandum are not much better in this regard.  From the bank statements, the Court is able to determine little more than the amount of money coming in and going out of these accounts.  Interestingly, the bank statements

---

[12]*See United States v. McGriffen*, 267 F.3d 581, 589 (7th Cir. 2001).

show an inflow of nearly $8000 in the month of June, validating Magistrate Judge Warner's concerns. In sum, the Lombardos have not provided the Court with the information necessary to properly revisit the issue of whether they currently have funds "available" to make the reimbursement payments ordered by Magistrate Judge Warner. If their financial situation has indeed changed, the Lombardos are strongly encouraged to file an appropriate motion with the Court, along with a detailed financial affidavit, seeking a change in the payment requirement.

Accordingly, it is hereby

ORDERED that the Lombardos' objection [#56] is OVERRULED as untimely.

DATED December 11, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

4